UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Shona Jones, )
 )
　　　　　Plaintiff, )
 )
vs. ) Case No.
 )
MSCB, Inc., ) 1:10-cv-0770-JMS-TAB
 )
　　　　　Defendant. )
 )

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### I. Introduction

1. This is an action for actual, punitive, and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff in this case is a resident of the full age of majority, domiciled in the City of Greenwood, Johnson County, Indiana.

5. Defendant in this case, MSCB, Inc. (hereinafter referred to as "MSCB"), is a "debt collector" as that term is defined by the FDCPA. MSCB is a corporation organized under the laws of the State of Tennessee whose principal business address is 1410 Industrial Park Rd., Paris, TN 38242, and is licensed to do business in Indiana.

### IV. Factual Allegations

6. MSCB is a debt collection agency attempting to collect a debt from Plaintiff.

1

7. On November 11, 2008, Plaintiff retained John T. Steinkamp to be her attorney in bankruptcy.

8. On October 7, 2009, 2010, Plaintiff filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code under case number 09-14826.

9. Included with Plaintiff's bankruptcy was an unsecured debt to Wishard Health Services, account number XXXXXX4024.

10. Wishard Health Services acquired the debt collection services of MSCB during the bankruptcy.

11. On December 14, 2009, Plaintiff received a letter from MSCB in connection with the collection of a debt allegedly owed to Wishard Health Services, account number XXXXXX4024.

12. On December 21, 2009, Plaintiff received a phone call from MSCB in connection ith the collection of a debt allegedly owed to Wishard Health Services.

## V. First Claim for Relief:
## Violation of 15 U.S.C. §1692c

13. The allegations of Paragraphs 1 through 12 of the complaint are realleged and incorporated herewith by references.

14. Defendant violated the FDCPA by mailing a letter as an attempt to collect a debt despite being informed of representation by counsel, pursuant to 15 U.S.C. §1692c.

15. Defendant violated the FDCPA by contacting Plaintiff directly instead of the attorney openly representing her, pursuant to 15 U.S.C. § 1692c.

## VI. Second Claim for Relief:
## Violation of 15 U.S.C. §1692d

16. The allegations of Paragraphs 1 through 15 of the complaint are realleged and incorporated herewith by references.

17. Defendant violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, pursuant to 15 U.S.C. § 1692d by sending a letter to a person known to be in bankruptcy as an attempt to collect on a debt included in that bankruptcy.

## VII. Third Claim for Relief:
## Violation of 15 U.S.C. §1692e

18. The allegations of Paragraphs 1 through 17 of the complaint are realleged and incorporated herewith by references.

19. Defendant violated the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by sending a letter trying to collect on a debt that the bankruptcy had legally enjoined any party from collecting on.

## VIII.   Fourth Claim for Relief:
## Violation of 15 U.S.C. §1692f

20. The allegations of Paragraphs 1 through 19 of the complaint are realleged and incorporated herewith by references.

21. Defendant violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt, pursuant to 15 U.S.C § 1692f by sending a letter to a party who filed bankruptcy partially to erase fear of creditors and debt collectors, and reasonably should have known that party was in bankruptcy.

22. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000, attorney fees, and costs.

WHEREFORE, Plaintiff, having set forth her claims for relief against Defendant, respectfully prays the Court as follows:

1. That Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recovers against Defendant a sum to be determined in the form of statutory damages;

3. That Plaintiff has and recovers against Defendant a sum to be determined in the form of punitive damages;

4. That Plaintiff has and recovers against Defendant all reasonable legal fees and expenses incurred by the attorney;

5. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Debtor/Plaintiff
6229 S. East St., Ste. A
Indianapolis, IN 46227
Office: (317) 782-9800
Fax: (317) 782-9812