UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Shona Jones, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-CV-0770-JMS-TAB |
| | ) | |
| MSCB, Inc., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MSCB'S ANSWER TO PLAINTIFF'S COMPLAINT**

Comes now Defendant, MSCB, Inc. (hereinafter "MSCB'), by and through its counsel, and in answer to Plaintiff's Complaint filed herein states to the Court as follows:

I.

Plaintiff, in the Complaint, fails to state a claim against MSCB upon which relief can be granted.

II.

In answer to the specific allegations of Plaintiff's Complaint, in the numbered sequence asserted, MSCB responds to the allegations in each paragraph as follows:

1. MSCB admits that Plaintiff asserts in her Complaint claims under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), but denies that it violated any provisions of the FDCPA and further denies that Plaintiff is entitled to any relief against it.

2. MSCB admits that this Court has jurisdiction over claims asserted under the FDCPA.

3. MSCB admits that venue is proper in this Court.

4. Upon information and belief, MSCB admits the allegations set forth in paragraph 4 of the Complaint.

5. MSCB admits the allegations set forth in paragraph 5 of the Complaint.

6. MSCB admits that it is a debt collection agency and that it attempted to collect a debt from Plaintiff. MSCB denies that it is still attempting to collect a debt from Plaintiff and further states that, immediately upon learning that the debt it was attempting to collect had been part of Plaintiff's bankruptcy case, it closed the account, ceased all collection efforts on the account, and ceased all communications with Plaintiff.

7. MSCB is without sufficient information or knowledge with which to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same and demands strict proof thereof if its interests are affected thereby.

8. Upon information and belief, MSCB admits the allegations set forth in paragraph 8 of the Complaint. For further response, MSCB states that, at the time the account was referred to it for collection, it had not received notice of Plaintiff's bankruptcy from either the bankruptcy court or from its client, Wishard Health Services ( hereinafter "Wishard").

9. Upon information and belief, MSCB admits the allegations set forth in paragraph 9 of the Complaint. For further response, MSCB states that, at the time the account was referred to it for collection, it had not received notice of Plaintiff's bankruptcy from either the bankruptcy court or from its client, Wishard.

10. MSCB admits that Wishard retained its debt collection services, but is without sufficient information or knowledge with which to admit or deny the allegations set

forth in paragraph 10 of the Complaint and, therefore, denies the same and demands strict proof thereof if its interests are affected thereby.

11. MSCB admits that it sent a letter to Plaintiff in connection with the collection of a debt allegedly owed to Wishard by Plaintiff.  For further response, MSCB states that, prior to sending the letter to Plaintiff, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

12. MSCB admits it made a telephone call to Plaintiff in connection with the collection of a debt allegedly owed to Wishard by Plaintiff.  For further response, MSCB states that, prior to making a telephone call to Plaintiff, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

13. MSCB reiterates and relies on its responses to paragraphs 1 through 12 and incorporates each response herein by reference.

14. MSCB denies the allegations set forth in paragraph 14 of the Complaint and specifically denies that it had any knowledge that Plaintiff was represented by counsel at the time it forwarded a letter to Plaintiff.  MSCB specifically denies that it violated the FDCPA. For further response, MSCB states that, prior to undertaking any collection efforts with respect to Plaintiff's account with Wishard, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

15. MSCB denies the allegations set forth in paragraph 15 of the Complaint and specifically denies that it had any knowledge that Plaintiff was represented by counsel at the time it made any contact with Plaintiff.  MSCB specifically denies that it violated the FDCPA.  For further response, MSCB states that, prior to undertaking

any collection efforts with respect to Plaintiff's account with Wishard, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

16. MSCB reiterates and relies on its responses to paragraphs 1 through 15 and incorporates each response herein by reference.

17. MSCB denies the allegations set forth in paragraph 17 of the Complaint and specifically denies that it violated the FDCPA.  For further response, MSCB states that, prior to undertaking any collection efforts with respect to Plaintiff's account with Wishard, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

18. MSCB reiterates and relies on its responses to paragraphs 1 through 17 and incorporates each response herein by reference.

19. MSCB denies the allegations set forth in paragraph 17 of the Complaint.  MSCB specifically denies that it violated the FDCPA.  For further response, MSCB states that, prior to undertaking any collection efforts with respect to Plaintiff's account with Wishard, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

20. MSCB reiterates and relies on its responses to paragraphs 1 through 19 and incorporates each response herein by reference.

21. MSCB denies the allegations set forth in paragraph 21 of the Complaint.  MSCB specifically denies that it violated the FDCPA.  For further response, MSCB states that, prior to undertaking any collection efforts with respect to Plaintiff's account with Wishard, it had not received notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard.

22. MSCB denies the allegations set forth in paragraph 22 of the Complaint and specifically denies that it violated the FDCPA.

23. MSCB denies that it is indebted to Plaintiff in any amount and denies that Plaintiff is entitled to any relief sought in paragraphs 1 through 5 of the prayer for relief of the Complaint, and MSCB moves this Court to dismiss Plaintiff's Complaint with prejudice and with all costs to be assessed against Plaintiff.  MSCB requests that, if the Court finds that Plaintiff's action is brought in bad faith and for the purpose of harassment, the Court award MSCB its attorney's fees reasonable in relation to the work expended plus its costs, pursuant to 15 U.S.C. Section 1692k(a)(3).

24. Insofar as any allegation has not been specifically admitted or denied, it is denied generally as if done so specifically.

### III.

As an affirmative defense, MSCB states that it did not receive notice of Plaintiff's bankruptcy from the bankruptcy court or from Wishard prior to making any collection attempts for the account owed by Plaintiff to Wishard.

### IV.

As an affirmative defense, MSCB states that it had no knowledge that Plaintiff was represented by counsel prior to making any collection attempts for the account owed to Wishard by Plaintiff.

### V.

As an affirmative defense, MSCB states that if it violated any provisions of the FDCPA, which it specifically denies, such violation was unintentional and constituted a bona fide error under the FDCPA.  As such, MSCB is not liable to Plaintiff.

VI.

As an affirmative defense, MSCB states that it had no obligation to independently confirm that the account at issue herein was in bankruptcy since Wishard contractually agreed not to refer any bankruptcy accounts to MSCB.

VII.

As an affirmative defense, MSCB states that if any violation of the FDCPA occurred, which it specifically denies, such violation was not intentional and occurred in spite of procedures reasonably adopted to avoid such error.  Specifically, MSCB states that, pursuant to its written agreement with Wishard, Wishard agreed not to refer bankrupt accounts to MSCB.  If any bankrupt accounts were referred to MSCB by Wishard, such referrals were contrary to the agreement between Wishard and MSCB.  Additionally, it was reasonable for MSCB to rely on the information provided to it by its creditor-client when accounts were placed with it for collection.  When MSCB learned that Plaintiff had filed for bankruptcy, MSCB immediately closed the account, ceased all collection actions, and ceased all communication with Plaintiff.

WHEREFORE, PREMISES CONSIDERED, MSCB states that it is not indebted to Plaintiff in any amount or for any reason and requests this Court to dismiss with prejudice the Complaint alleged against it with its reasonable costs and grant it all further relief, both general and specific, as mandated by the premises and as justice may require.

Dated: August 13, 2010

                                        Respectfully submitted,

                                        s/R. Alan Pritchard, Jr.
                                        R. Alan Pritchard, Jr.  (IN Bar No. 27668-82)
                                        1019 Audubon Drive
                                        Memphis, TN 38117
                                        901-270-6448
                                        800-555-0119
                                        apritchard1@comcast.net


## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing has been filed with the Clerk of Court on  August 13, 2010, and served upon the following counsel of record and/or *pro se* parties John T. Steinkamp, John Steinkamp & Associates, 6229 S. East Street, Suite A, Indianapolis, IN 46227, steinkamplaw@yahoo.com by U.S mail postage prepaid.


                                        s/R. Alan Pritchard, Jr. _
                                        R. Alan Pritchard, Jr.

Law Office of Alan Pritchard, PLLC
1019 Audubon Drive
Memphis, TN 38117
901-270-6448
800-555-0119